FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 JUN 14 AM 10:55
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. CR417-251 |
| | ) |
| SHAWN SIBERT, | ) |
| | ) |
| Defendant. | ) |

### O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 43), to which objections have been filed (Doc. 48). After a careful de novo review of the record, the Court finds Defendant's objections to be without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Defendant's Motion to Suppress (Doc. 29) and Supplemental Motion to Suppress (Doc. 33) are **DENIED**.

In his objections, Defendant raises some salient points concerning the timing of the decision to impound the vehicle and the associated inventory search that revealed the firearm. Dispositive to Defendant's argument is whether the officer decided to impound the vehicle prior to conducting the inventory search. The Court has thoroughly reviewed the transcripts from both evidentiary hearings. Based on its review, this Court completely agrees with the

Magistrate Judge finding credible Officer Overholt's testimony that he changed his mind and decided to impound the vehicle based on Sergeant Young's statement about looking through the vehicle.

In his testimony, Officer Overholt was unequivocal that he believed Sergeant Young's statement left him with no choice but to conduct an inventory search and impound the vehicle. (Doc. 45 23:24-24:02 ("And in passing I heard my sergeant say, you know, something along the lines of 'search it first' or 'go through the vehicle first.' And audibly I understand that, you know, the only option I have is an inventory search prior to tow. So I stated, 'we are going to conduct an inventory search,' because of the statements he made."); id. 32:11-13 ("When he said go through the vehicle, I assumed he was referring to an inventory search and knew that a tow must be made.).) It is ultimately inconsequential that Sergeant Young intended the statement to suggest that Officer Overholt conduct an inventory search before releasing the vehicle to a third party. This Court agrees with the Magistrate Judge that Sergeant Young's comment, regardless of its subjective purpose, left Officer Overholt with the notion that he should impound the vehicle because that was the only decision that would permit him to conduct an inventory

2

search. Having made that decision, Officer Overholt's inventory search of the vehicle was a permissible search excepted from the Fourth Amendment's protections against warrantless searches. See Colorado v. Bertine, 479 U.S. 367, 371 (1987); United States v. Handy, 592 F. App'x 893, 907 (11th Cir. 2015) ("[T]he validity of an inventory search of a car depends on the legality of the decision to impound the car.").

SO ORDERED this 14th day of June 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA